DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JASON M. HEATH, State Bar No. 180501
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2049
Fax: (831) 454-2115

**Attorneys for Defendant County of Santa Cruz Housing Authority**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARE F. NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>BARBARA WOODFORD; SANTA CRUZ COUNTY HOUSING AUTHORITY,<br><br>    Defendants. | Case No. CV 06-06485 JF<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**(FRCP 12(b)(6))**<br><br>Date:   **May 2, 2008**<br>Time:   **9:00 a.m.**<br>Dept:   **3 (Hon. Jeremy Fogel)** |

TO THE COURT AND PLAINTIFF CLARE F. NELSON, IN PROPRIA PERSONA:

PLEASE TAKE NOTICE that on May 2, 2008, at 9:00 a.m. or as soon thereafter as the motion may be heard in Courtroom 3 of the above-referenced court, defendant Santa Cruz County Housing Authority ("Housing Authority") will move the Court for an order dismissing plaintiff's complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

The grounds for this motion are that: 1) plaintiff's complaint does not set forth facts sufficient to state a Federal cause of action against the Housing Authority; 2) the Housing Authority has immunity to state law claims for an alleged failure to inspect premises; and 3) to the extent

plaintiff is pursuing state law tort claims, they must be dismissed due to plaintiff's failure to allege compliance with state law administrative exhaustion requirements. For these reasons, the Housing Authority requests that the Court dismiss plaintiff's complaint.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the pleadings on file in this action, and any other matter the Court deems proper to review at the hearing of this motion.

Dated: March 25, 2008                              DANA McRAE, COUNTY COUNSEL

By:     /S/   JASON M. HEATH
       JASON M. HEATH
       Assistant County Counsel
       Attorneys for Defendant Santa Cruz County
       Housing Authority

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Clare Nelson has filed a pro-per complaint against her former landlord and the Housing Authority. In short, plaintiff alleges that the Housing Authority inspected and approved her rental of an apartment. Sometime later, the County Planning Department determined that the apartment was illegally built and plaintiff's landlord evicted her.

Defendant Housing Authority moves to dismiss plaintiff's complaint on the grounds that 1) the complaint does not state facts sufficient to state a Federal cause of action against the Housing Authority; 2) the Housing Authority has immunity to state law claims for failure to properly inspect premises; and 3) plaintiff has no viable state law tort claims against the Housing Authority because she has failed to allege exhaustion of state administrative remedies.

### STATEMENT OF FACTS

Plaintiff alleges that she rented a dwelling unit from defendant Barbara Woodford in Felton, California. (Complaint, p. 1.) Plaintiff alleges that the Housing Authority came and inspected the unit and "approved" her rental of it. (*Id.*) Plaintiff alleges that Ms. Woodford's brother began

harassing her and that her relationship with Ms. Woodford deteriorated. Plaintiff ultimately went to the County's "planning office" and discovered that Ms. Woodford did not have a building permit for the rental unit. (Complaint, p. 2.) A County code investigator thereafter allegedly conducted a site inspection and red-tagged the unit. (*Id.*) Ms. Woodford then evicted plaintiff. (*Id.*)

## ARGUMENT

## THE COURT SHOULD GRANT THIS MOTION TO DISMISS

### A. Plaintiff's Complaint Contains Insufficient Facts Showing That The Housing Authority Has Violated Any Federal Law

Plaintiff's complaint contains no citation to any Federal statute or law that would provide the Court with jurisdiction in this case.[1] However, assuming that plaintiff is trying to state a claim against the Housing Authority under 42 U.S.C. section 1983 for violation of her civil rights, her complaint fails.

Section 1983 provides for liability against a "[P]erson who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." (42 U.S.C. § 1983.) Liability under section 1983 requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by the plaintiff. (*Monell v. Department of Social Services* (1978) 436 U.S. 658, 691-694; *Rizzo v. Goode* (1976) 423 U.S. 362, 370.) The Ninth Circuit has noted that "a person 'subjects' another to the deprivation of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." (*Johnson v. Duffy* (9th Cir. 1978) 588 F.2d 740, 743.)

---

[1] Although plaintiff may intend to assert that diversity jurisdiction allows her to proceed with her case in Federal court (she now lives in Colorado), her complaint contains no allegation supporting assertion of diversity jurisdiction.

In ruling on a motion to dismiss, courts must accept all material allegations of fact alleged in the complaint as true; however, courts do *not* accept as true legal conclusions cast in the form of allegations if such conclusions cannot be reasonably drawn from the facts alleged. Similarly, the court need not accept unreasonable inferences or unwarranted deductions of fact. (*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988, *amended* at 275 F.3d 1187; *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; *Dubbs v. C.I.A.* (N.D. Cal. 1990) 769 F.Supp. 1113, 1115.) Under Federal Rule of Civil Procedure 8(a), a claim for relief must provide fair notice both of the nature of the claim and the facts that underlie the claim. (*Grid Systems Corp. v. Texas Instruments, Inc.* (N.D.Cal. 1991) 771 F.Supp. 1033, 1037.) Accordingly, conclusory allegations unsupported by any specific facts are not sufficient to defeat a motion to dismiss. (*McCarthy v. Mayo* (9th Cir. 1987) 827 F.2d 1310, 1316; *see also Faruqui v. State of California* (N.D.Cal. 1994) 1994 U.S. Dist. LEXIS 8676, at *4-6 [dismissing claims where plaintiff's allegations failed to distinguish among the many defendants and were vague, general, conclusory and contained no facts to support them]; *Scognamillo v. Credit Suisse First Boston LLC* (N.D.Cal. 2005) 2005 U.S. Dist. LEXIS 20221, at *7 et seq. [dismissing claims where plaintiff's allegations were conclusory and lacked specific facts].)

Here, plaintiff does not adequately state a claim for relief against the Housing Authority for violation of her civil rights, assuming she is even trying to assert such a claim. Plaintiff's sole claim against the Housing Authority is that it inspected and approved an apartment that she wanted to inhabit. After that, it appears that her relationship with her landlord deteriorated, she reported her landlord to Code Compliance, and her landlord evicted her. The complaint contains no facts supporting a logical connection between the Housing Authority's actions (inspecting and approving her rental of the unit) and the subsequent events of which she complains (her deteriorating relationship with Ms. Woodford and her brother and Ms. Woodford's ultimate eviction of her). Based on the facts alleged in the complaint, it is unclear why the Housing Authority has been named as a defendant in this case.

///

Nelson v. Woodford, et al.  
Case No. C06 06485 JF

Motion To Dismiss

-4-

### B. The Housing Authority Has Immunity From Suit For Alleged Negligent Inspections

California Government Code section 818.6 states:

> "A public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property, other than its property . . . for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety."

The purpose of this immunity is reflected in the legislative comments that follow the statute: "Because of the extensive nature of the inspection activities of public entities, a public entity would be exposed to the risk of liability for virtually all property defects within its jurisdiction if this immunity were not granted." (Cal. Law Revision Com. com., 32 West's Ann. Gov. Code (1995 ed.) § 818.6, pp. 233-234.) California courts have relied on this section to confirm the immunity of public entities from liability in cases alleging a negligent inspection. (*See, e.g., Stevenson v. San Francisco Housing Authority* (1994) 24 Cal.App.4th 269, 280 [accepting parties' concession that the inspection immunity applied to plaintiff's claims that Housing Authority had negligently failed to inspect building and determining that immunity was not preempted by Federal law]; *Clayton v. City of Sunnyvale* (1976) 62 Cal.App.3d 666, 668 [city immune from liability under this section for the negligence of its employees in inspecting or failing to inspect a building and designs therefore, which caused the building to be designed and constructed with patent defects and create a dangerous condition causing injuries]; *Washington v. County of Contra Costa* (1995) 38 Cal.App.4th 890, 898 [under section 818.6, county could not be held liable for any negligence in its inspections of chemical company's property, even if such inspections, if properly done, would have prevented the accident at issue].)

Again, plaintiff's complaint against the Housing Authority appears to be that it made an inadequate or negligent inspection of the property she wanted to inhabit and that she was ultimately evicted because the property was determined at a later time to be illegally built. Section 821.6

applies to these facts and immunizes the Housing Authority from any liability based on these allegations.[2]

### C. Any State Law Tort Claims Against The Housing Authority Are Time-Barred

Prior to filing a complaint for damages alleging state law claims against a public entity or its employees, a plaintiff must file a tort claim with the public entity no later than six months or 182 days after accrual of the cause of action. (Cal. Gov. Code, §§ 911.2, 950.2; *Williams v. Horvath* (1976) 16 Cal.3d 834, 838.) Lawsuits related to such claims must be filed no later than six months or 182 days after the claim is denied. (Cal. Gov. Code § 945.6; *Taylor v. Mitzel*, (1978) 82 Cal.App.3d 665, 672.)

Here, plaintiff's complaint does not reference any compliance with the government tort claims act and in the absence of any such allegation the Court should assume that she failed to comply. Plaintiff's complaint was filed in October 2006. Accordingly, plaintiff's six-month window to file a tort claim against these defendants expired long ago. Plaintiff's failure to comply with the government tort claims act renders all of her state law claims time-barred and the Court should dismiss plaintiff's complaint to the extent it is based on state law claims against the Housing Authority.

### CONCLUSION

For the reasons more fully discussed above, defendant Santa Cruz County Housing Authority requests that the Court dismiss plaintiff's complaint against it.

Dated: March 25, 2008                          DANA McRAE, COUNTY COUNSEL

By:  \_\_\_\_\_/S/  JASON M. HEATH\_\_\_\_\_
     JASON M. HEATH
     **Assistant County Counsel**
     **Attorneys for Defendant Santa Cruz County**
     **Housing Authority**

---

[2] The Housing Authority does not understand plaintiff to be making a claim that it misrepresented facts to her. However, to the extent she is making such a claim, Government Code section 821.8 states that a public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not the misrepresentation is negligent or intentional. Thus, to the extent the Court construes plaintiff's claim to be one for misrepresentation, the Housing Authority asks that the Court dismiss that claim as well.

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, the undersigned, state that I am a citizen of the United States and employed in the County |
| 3 | of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action. |
| 4 | My business address is 701 Ocean Street, Room 505, Santa Cruz, California 95060. On the date set |
| 5 | out below, I served a true copy of the following on the person(s)/entity(ies) listed below: |

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT (FRCP 12(b)(6))**

   by **service by mail** by placing said copy enclosed in a sealed envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

X by **service by mail** by placing said copy enclosed in a sealed envelope and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

   by **express or overnight mail** by depositing a copy in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of express mail or a mailbox, mail chute, or other like facility regularly maintained by an overnight mail company, in a sealed envelope, with express mail postage paid addressed to the below listed person(s).

   by **express or overnight mail** by arranging for pick-up by an employee of an express/overnight mail company on:

   by **facsimile service** at the number listed below and have confirmation that it was received by:

| | |
|---|---|
| **Clare Nelson** | **Clare Nelson** |
| **3318 Marion Street** | **1350 Irving Street, #235** |
| **Denver, CO 80205** | **Denver, CO 80204** |

I declare under penalty of perjury that the foregoing is true and correct. Executed March 25, 2008, at Santa Cruz, California.

                                              /S/ MARIA VARGAS
                                              MARIA VARGAS