OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET, ROOM 2112
SAN JOSE, CALIFORNIA 95113-3095

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FILED
2008 MAY 22 P
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Clare Nelson
3318 Marion Street
Denver, CO 80205

NIXIE        802   4E 1         74   05/19/08
             RETURN TO SENDER
             NOT DELIVERABLE AS ADDRESSED
             UNABLE TO FORWARD
BC: 95113309500         *2658-04559-06-25

UNITED STATES POSTAGE
$ 00.41⁰
PITNEY BOWES
02 1A
0004327683   MAY 06 2008
MAILED FROM ZIPCODE 95113

**E-filed 5/2/08**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLARE F. NELSON,<br><br>  Plaintiff,<br><br> v.<br><br>BARBARA WOODFORD, et al.,<br><br>  Defendants. | Case Number C 06-6485 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; AND SETTING FURTHER CASE MANAGEMENT CONFERENCE<br><br>[re: docket no. 39] |

Defendant County of Santa Cruz Housing Authority ("the Housing Authority") moves to dismiss the complaint of Plaintiff Clare Nelson ("Nelson"), who is proceeding *pro se*. The Court has considered the moving papers, Nelson's letters filed April 8, 2008 and April 28, 2008, the Housing Authority's response filed April 18, 2008, and the oral arguments presented at the hearing on May 2, 2008.[2] For the reasons discussed below, the motion will be granted with leave to amend.

---

[1] This disposition is not designated for publication and may not be cited.

[2] Nelson did not appear at the hearing.

Case No. C 06-6485 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)

## I. BACKGROUND

Nelson filed the complaint in this action on October 17, 2006, alleging the following facts: she rented a dwelling unit from Defendant Barbara Woodford ("Woodford") in Felton, California; the Housing Authority inspected the unit and approved its rental to Nelson; Woodford's brother harassed Nelson; Nelson reported to authorities that Woodford did not have a building permit for the unit; a county investigator thereafter red-tagged the unit; and Woodford subsequently evicted Nelson. Based upon these allegations, Nelson asserts claims against both Woodford and the Housing Authority.

## II. LEGAL STANDARD

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

It is not clear from the complaint what wrongs Nelson believes that she has suffered as a result of conduct by the Housing Authority. In its motion to dismiss, the Housing Authority surmises that Nelson may be suing it for violation of civil rights under 42 U.S.C. § 1983. However, the Housing Authority points out that the complaint does not allege any facts supporting a logical connection between the Housing Authority's alleged actions – inspecting the unit and approving its rental – and Nelson's eviction. To the extent that Nelson is attempting to

2

Case No. C 06-6485 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)

assert a claim for negligent inspection, the Housing Authority is immune. *See* Cal. Gov't Code § 818.6 (public entity generally not liable for injury caused by its failure to make inspection, or by reason of an inadequate or negligent inspection, of property); *Stevenson v. San Francisco Housing Authority*, 24 Cal. App. 4th 269, 280 (1994) (accepting parties' concession that statutory immunity applied to claim of negligent inspection). Moreover, Nelson does not allege that she filed a tort claim with the Housing Authority prior to bringing suit, as required under the California Tort Claims Act. *See* Cal. Gov't Code §§ 905, 945.4. (setting forth claim presentation requirement).

In her letters to the Court filed April 8, 2008 and April 28, 2008, Nelson requests continuance of the hearing to June 14, 2008 on the grounds that she is moving and that, because of limited funds, she has not been able to maintain her cellular telephone service and so cannot participate in the hearing telephonically. The Court is sympathetic to the circumstances described in both letters, and if the Court were considering making a final ruling with respect to the claims alleged, the Court would grant the requested continuance. However, the Court is not at this time prepared to dismiss any claims without leave to amend. Moreover, the Court is persuaded that its conclusions regarding the inadequacy of the claims as presently framed could not be altered by any oral arguments Nelson could present. Accordingly, the only potential outcome of the requested continuance is that the case would be six weeks older when the Court made the identical ruling.

Accordingly, the Housing Authority's motion to dismiss will be granted with leave to amend so that Nelson may allege with more clarity the factual and legal bases for her claims. The Court is mindful that Nelson is proceeding *pro se*, and will grant Nelson an extended period of time within which to file an amended complaint. However, she does need to allege her claims with sufficient particularity that Defendants and the Court can understand what she believes was done to her and why she believes those acts make Defendants liable.

3

Case No. C 06-6485 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)

## IV. ORDER

(1) The Housing Authority's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Any amended complaint shall be filed and served on or before July 2, 2008.

(2) A Case Management Conference is set for Friday, July 18, 2008, at 10:30 a.m.

DATED: 5/2/08

JEREMY FOGEL
United States District Judge

1 | Copies of Order served on:

3 | Plaintiff *pro se*:

4 | Clare Nelson
3318 Marion Street
5 | Denver, CO 80205

7 | Defendants:

8 | Jason Michael Heath Jason.Heath@co.santa-cruz.ca.us, csl026@co.santa-cruz.ca.us

9 | Barbara Woodford
10 | 5540 Grantway
11 | Felton, CA 95018-9259

5

Case No. C 06-6485 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)