1  DANA McRAE, State Bar No. 142231
   County Counsel, County of Santa Cruz
2  JASON M. HEATH, State Bar No. 180501
   Assistant County Counsel
3  701 Ocean Street, Room 505
   Santa Cruz, California 95060
4  Telephone: (831) 454-2049
   Fax: (831) 454-2115

**Attorneys for Defendant County of Santa Cruz Housing Authority**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CLARE F. NELSON, | Case No. CV 06-06485 JF |
|---|---|
| Plaintiff, | **DEFENDANT SANTA CRUZ COUNTY HOUSING AUTHORITY'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| BARBARA WOODFORD; SANTA CRUZ COUNTY HOUSING AUTHORITY, | **Date:** July 18, 2008<br>**Time:** 10:30 a.m.<br>**Dept:** 3 (Hon. Jeremy Fogel) |
| Defendants. | |

Defendant Santa Cruz County Housing Authority has attempted to contact plaintiff on several occasions, without success (plaintiff has no operating answering machine). Accordingly, defendant submits the following separate case management conference statement. As explained further below, defendant Housing Authority requests that the Court issue an Order To Show Cause why plaintiff's complaint against the Housing Authority should not be dismissed with prejudice given plaintiff's failure to file an amended complaint.

**DESCRIPTION OF THE CASE**

1. <u>A Brief Description Of The Events Underlying The Action</u>: Plaintiff rented a unit from defendant Barbara Woodford. Plaintiff alleges that defendant Santa Cruz County Housing Authority inspected the unit and approved it for rental. Plaintiff alleges that her relationship with Ms. Woodford and Ms. Woodford's brother began to deteriorate, and that she ultimately went to the County Planning Department and discovered that the unit she inhabited was illegal in some respect (most likely due to building or zoning code violations). A Code Compliance Officer thereafter "red-tagged" the unit, and Ms. Woodford evicted plaintiff.

2. <u>The Principal Factual Issues Which The Parties Dispute</u>:

The complaint (which the Court has dismissed with leave to amend, see below) contains limited allegations against the Housing Authority. Accordingly, at this time defendant can state only that it disputes all factual issues that would impute it with liability for wrongdoing or alleged illegal conduct.

3. <u>The Principal Legal Issues Which The Parties Dispute</u>:

Plaintiff's dismissed complaint does not clearly state a legal theory against the Housing Authority, but it appears that she is asserting that defendant negligently inspected or approved the unit she inhabited and that it should therefore be liable for damages in some respect. Defendant disputes that it can be liable for a negligent inspection, and disputes all legal issues that would impute it with liability for wrongdoing or alleged illegal conduct. Per the Court's order granting the County's motion to dismiss plaintiff's complaint, plaintiff was to file an amended complaint by July 2, 2008. Plaintiff has not filed an amended complaint to date.

4. <u>Other Factual Issues Which Remain Unresolved</u>: Defendant does not know of any unresolved factual issues that can be brought before the Court for resolution at this time.

5. <u>The Parties Who Have Not Been Served And The Reasons</u>: Defendant Housing Authority has waived formal service. Status of service as to defendant Barbara Woodford is unknown.

6. <u>Additional Joinder Of Parties</u>: Defendant Housing Authority does not expect to add any parties to this lawsuit.

7. <u>Consent To Assignment To A United States Magistrate Judge</u>:  This case has been assigned to this Court and defendant respectfully requests that it remain with this Court.

## ALTERNATIVE DISPUTE RESOLUTION

8. <u>Stipulation</u>:  Given the status of the pleadings, defendant's position is that it is too early to discuss ADR.

9. <u>Other Information</u>:  The Court granted defendant Housing Authority's motion to dismiss the complaint and ordered plaintiff to file an amended complaint by July 2, 2008.  Plaintiff has not filed an amended complaint.  On June 17, 2008, defendant's counsel received a document from plaintiff titled "Leave to Amend," but it does not appear that plaintiff has filed it with the Court, and, although it purports to state allegations against the Housing Authority, it does not have the appearance of a complaint.  The document is attached hereto as Exhibit A for the Court's review.

At this point, **defendant Housing Authority requests that the Court issue an Order To Show Cause why plaintiff's complaint against the Housing Authority should not be dismissed with prejudice given plaintiff's failure to file an amended complaint**.

## DISCLOSURES

10. <u>The Parties Certify That They Have Made The Following Disclosures</u>:  There is no active complaint on file against the Housing Authority.  The parties have yet to make their initial disclosures under Federal Rule of Civil Procedure 26.

## DISCOVERY AND TRIAL SCHEDULE

11. Defendant Housing Authority respectfully requests that the Court wait until the pleadings issues are resolved before setting a discovery and trial schedule.

Dated:  July 9, 2008                            DANA McRAE, COUNTY COUNSEL

By:      /S/   JASON M. HEATH
         JASON M. HEATH
         **Assistant County Counsel**
         **Attorneys for Defendant Santa Cruz County**
         **Housing Authority**

**PROOF OF SERVICE**

I, the undersigned, state that I am a citizen of the United States and employed in the County of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action. My business address is 701 Ocean Street, Room 505, Santa Cruz, California 95060. On the date set out below, I served a true copy of the following on the person(s)/entity(ies) listed below:

**DEFENDANT SANTA CRUZ COUNTY HOUSING AUTHORITY'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**

___ by **service by mail** by placing said copy enclosed in a sealed envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

X by **service by mail** by placing said copy enclosed in a sealed envelope and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

___ by **express or overnight mail** by depositing a copy in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of express mail or a mailbox, mail chute, or other like facility regularly maintained by an overnight mail company, in a sealed envelope, with express mail postage paid addressed to the below listed person(s).

___ by **express or overnight mail** by arranging for pick-up by an employee of an express/overnight mail company on:

___ by **facsimile service** at the number listed below and have confirmation that it was received by:

**Clare Nelson**
**3318 Marion Street**
**Denver, CO 80205**

**Clare Nelson**
**1350 Irving Street, #235**
**Denver, CO 80204**

**Clare Nelson**
**1720 E. 36th Ave.**
**Denver, CO 80205**

I declare under penalty of perjury that the foregoing is true and correct. Executed July 9, 2008, at Santa Cruz, California.

                                                  /S/  MARIA VARGAS
                                                  MARIA VARGAS

**Name and Address:**
Clare F. Nelson
1720 E. 36th Ave.
Denver, CO 80205

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Clare F. Nelson
1720 E. 36th Ave.
Denver, CO 80205
Plaintiff/Petitioner
vs.
Barbara Woodford
5540 Grantway
Felton, CA 95018
Housing Authority
Santa Cruz, CA
Defendant/Respondent

**Case No. C 06 6485**

**Document Name:** Leave to Amend

    I, Clare Nelson, lived at 5540 Grantway, Felton, CA, 95018. I rented a small apartment from Barbara Woodford, the owner. During the time I rented from Ms. Woodford, I became aware that the apartment that I was renting at 5540 Grantway was illegal and also substandard. Ms. Woodford built a small apartment that I was renting out of a crawlspace under her house. There was no window in the bedroom and when I stood up in the bedroom my head would hit the ceiling, and I am 5'6 1/2" tall. While I was living at Ms. Woodford's, I was harassed and victimized with racial slurs and threats from her brother, Steve Woodford. Barbara Woodford committed fraud, under the law, the intentional use of deceit. I, as a party who has lost property due to fraud, am entitled to file a lawsuit for damages against the party acting fraudulently. Inherent in fraud is an unjust advantage over another which injures that person or entity. Ms. Woodford knew I was economically challenged and disabled, and she took advantage of the situation by not revealing that she not only could not get a permit, but she knew that she would be denied because she did not have enough acreage. Thus, Ms. Woodford accepted government funding under false pretenses (misrepresentation). Ms. Woodford was not supposed to even build the partials. One was a shed converted into a studio and the other was a crawlspace converted into a one bedroom apartment. I believe it was intention to deceive, and I was taken advantage of and was abused by her and her brother. Ms. Woodford was also misleading Section 8 Housing Authority into believing that she was a legitimate landlady, in order to abstract money for rent under false pretenses. Therefore, I believe Ms. Woodford totally and recklessly discarded the law.

    Also, there was a violation of the Section 8 Health and Safety Code. Ms. Woodford did not have a permit to rent, but she had the apartment I was renting approved under false pretenses. My civil rights were violated and there were times that I emotionally broke down because of the harassment and abuse by her brother. I suffered as a result of the conduct of Ms. Woodford and her brother Steve.



EXHIBIT A, Page 1 of 3

I feel that Housing Authority has responsibility because they approved the inspection and accepted that she was a legitimate landlady with all the credentials that were needed in order to rent her apartments. They did not question or request proof of permit or any other credentials. They assumed, I believe, that she was legitimate, which shows exemplary neglect on the part of Section 8 Housing Authority. 701 Ocean St., Suite 400, Santa Cruz, CA, 95060, telephone number 831-454-2580, is the Department of Planning and Code Enforcement. The Code Enforcement Officer came out and investigated the complaint that I made and Ms. Woodford was red-tagged. She was not allowed to rent the partials on her property and she had to evacuate any tenant that resided in these partials. Section 8 would have *only* had to make *a phone call*, in order to see if she had a permit. They did not call or make any attempt to check her credentials.

If Section 8 Housing Authority would have made a simple call, I would not have rented from Ms. Woodford, and I would not have had to endure the abuse, torment, and racial slurs from her and her brother. The inspector for Section 8, Jim Gomes, was extremely neglectful in approving an illegal dwelling. As a result, I suffered emotional abuse and I have a mental disability, so that made it even more difficult.

I believe that Section 8 Housing Authority and Barbara Woodford are liable for pain and suffering and loss of property. I am trying to get an attorney that practices law in California, which is difficult as I presently live in Colorado. I did have to obtain a restraining order against Steve Woodford. The Agency that assisted me was Legal Aid, and it was a permanent restraining order, and the police were called several times, which is documented.

Last but not least, I did try to fight the eviction, but they had changed the courtroom three times and I was not notified. Therefore, I was there but in the wrong courtroom, and I have a witness to that effect – Maya Nordberg, Attorney-At-Law, 831-429-1311. Judgment went to Woodford for non-appearance. I believe that Woodford encouraged her brother to abuse and harass me because she did not want to pay relocation fees. I don't believe that Section 8 has total immunity in this lawsuit. I beg the question, "Why are they ignoring their responsibility and not being forthcoming in what happened to me because of their neglect?" The premise for my argument here is that the responsibility lies not with me as a tenant but with Barbara Woodford and Section 8 Housing Authority. I upheld my responsibility for two and a half years without missing one month in paying my rent. I believe that Barbara Woodford and also Section 8 Housing Authority should be held accountable for the abuse and neglect that I suffered.

**Copies of Order served to:**
Jason M. Heath - State Bar Number 180510
The County Counsel of the County of Santa-Cruz
701 Ocean Street Rm. 505
Santa-Cruz, CA 95060

Barbara Woodford
5540 Grantway
Felton, CA 95018

Honorable Jeremy Fogel
United States District Court
Northern District Of California
1301 Clay Street
Oakland, CA 94612



EXHIBIT A, Page 2 of 3

June 17, 2008

United States District Court
Northern District Of California
1301 Clay Street
Oakland, CA 94612

To: Honorable Jeremy Fogel
Re: CV 06-06485 JF

Dear Judge Fogel:

My address has changed to:

1720 E. 36th Ave.
Denver, CO 80205

This is a temporary address. I will be moving from this address in a very short time. But at present, you can reach me at t his address. My cell phone number is 720-434-6145.

Sincerely,

Clare F. Nelson

EXHIBIT A, Page 3 of 3