```
1                                              **E-filed 8/5/08**
2   CLARE F. NELSON                            Filed
3   ACTING AS PRO-PER
4   1720 E. 36th Ave                           AUG - 7 2008
5   Denver, CO 80205                           RICHARD W. WIEKING
                                               CLERK, U.S. DISTRICT COURT
6   720-434-6145                               NORTHERN DISTRICT OF CALIFORNIA
                                               SAN JOSE
7
8                  IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                         SAN JOSE DIVISION
11
12  CLARE F. NELSON,                 Case Number C06-6485 JF (RS)
13         Plaintiff,                ORDER[1] LEAVE TO AMEND
14         v.                        Date: August 5, 2008
15  BARBARA WOODFORD AND HOUSING     Time: 4:00 p.m.
    AUTHORITY
16  SECTION 8, SANTA CRUZ, CALIFORNIA Dept: 3 (Hon. Jeremy Fogel
17         Defendants.               [Re: docket no. 39]
18
19
20  A BRIEF DESCRIPTION OF THE EVENTS UNDERLYING THE ACTION
21  THE COMPLAINT (California Code 12955. Unlawful Practices) The defendant,
22  Barbara Woodford, recklessly disregarded the law by renting an apartment without
23  having a permit. Under Housing Authority SECTION 804, 805, 806, 818 OF THIS TITLE.
```

1  The apartment was neither legal nor up to the standards of the California Building Code 17912
2  and 17920-3. She built these partials without having the necessary acreage as stipulated by the
3  law. She proceeded to build and rent these partials with total disregard for the law. While
4  renting from Barbara Woodford I experienced discrimination, being a Black woman, a lesbian,
5  and a disabled person with a dual disability. And because of intimidating threats and racial slurs
6  from her brother, Steve Woodford, I had to obtain a restraining order.
7
8  **THE PRINCIPLE FACTUAL ISSUE** is exemplary neglect on the part of Section 8 Housing Authority
9  and discrimination on the part of Barbara Woodford, and discriminatory housing practices
10 California Code 12955.5. This statement was an amendment schedule order for Case
11 Management due by 11/01/07. Case Management conference set for 08/15/08 at 10:00 a.m.
12 (ga COURT STAFF) (filed on 8/03/07) Additional attachment(s) added on 7/31/07 (ga COURT
13 STAFF). Modified on 7/31/07 (ga COURT STAFF). (Entered: 07/19/07)
14
15 **STATE FACTS CONCERNING THE LEGAL STANDARD**
16 I repeat since I am not trained in law, I should not be held to the same standards and because of
17 having a dual disability I would like you to please take this complaint, leave to amend into
18 consideration. If it is not absolutely perfect legally. Due to my financial situation I have had to
19 draft this complaint without legal guidance. I encourage the court to accept this complaint in its
20 current form.
21
22 **DISCUSSION**
23 I am suing for the violation of my civil rights under 42 U.S.C. 1983. My facts supporting my claim
24 are documented with the Santa Cruz police department and court with the completion of a
25 restraining order granted against Steve Woodford. The logical connection between Housing
26 Authority dealing with housing discrimination under Housing Authority SECTION 804, 805, 806,
27 818. The attempt of the Housing Authority to try to dismiss this case stating that there is no
28 legal connection between the Housing Authority and my complaint is frivolous and unfounded.
29 When there is a federal law and a Housing Authority clause against discrimination that can be
30 proven if the case is allowed to continue. If by the neglect of Housing Authority employees, I
31 suffer emotionally, then I beg the question whom should be held accountable? I think my claim
32 is sufficient, clear and relates to the laws involving discrimination and the health and safety code
33 of the Housing Authority Clause. Under federal statute in California code, it is illegal for
34 landlords to discriminate on the grounds of race, disability, religion, sexual orientation, etc. The
35 request for this order LEAVE TO AMEND I feel that I have met my responsibility to prove my case
36 and it is up to the court to uphold my rights to proceed and pursue this lawsuit. If my complaint
37 is unfounded, then why not take it to trial and let the jury decide? In all fairness, I feel that it is
38 the courts responsibility to hear and continue to have this case heard. If there are any other

tortes, sanctions, statues, that need to be addressed please take into consideration the time in which I had and the circumstances of my situation.

**CONCLUSION**

My claim was filed in less than 180 days. Section 8 Housing Authority was in default when they were served in San Francisco because they did not answer in time. Therefore, by them not being forth coming, I am requesting a change of venue, back to San Francisco where the default will stand. I believe in all fairness, that my claim is strong and clear. All I am asking is for the right to continue so that a jury can decide.

Dated: August 5, 2008

By: _____
CLARE F. NELSON

Copies of Order served to:

Jason M. Health – State Bar Number 180510
The County Counsel of the County of Santa-Cruz
701 Ocean Street Rm 505
Santa-Cruz, CA 95060

Barbara Woodford
5540 Grantway
Felton, CA 95018

Honorable Jeremy Fogel
United States District Court
Northern District of California
1301 Clay Street
Oakland, CA 94612

**\*\*PLEASE ACCEPT MY REQUESTING FOR A PHONE APPEARANCE ON AUGUST 15, 2008. DUE TO THE COST OF TRAVEL, I AM UNABLE TO MAKE A PHYSICAL APPEARANCE.\*\***