**E-filed 10/10/08**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLARE F. NELSON,<br><br>   Plaintiff,<br><br>   v.<br><br>BARBARA WOODFORD, et al.,<br><br>   Defendants. | Case Number C 06-6485 JF (RS)<br><br>ORDER[1] (1) DENYING PLAINTIFF'S MOTION FOR CONTINUANCE OF HEARING; (2) GRANTING MOTION TO DISMISS OF DEFENDANT SANTA CRUZ COUNTY HOUSING AUTHORITY; AND<br>(3) CONDITIONALLY DISMISSING ENTIRE ACTION<br><br>[re: docket nos. 53, 57] |

Defendant County of Santa Cruz Housing Authority ("the Housing Authority") moves to dismiss the amended complaint of Plaintiff Clare Nelson ("Nelson"), who is proceeding *pro se*. After the Housing Authority filed its motion, Nelson filed a document entitled "Order Leave To Amend," which was docketed as a second amended complaint. See Docket No. 54. This pleading was filed without leave of Court. However, given Nelson's pro se status, the Court in the exercise of its discretion has considered the pleading.

---

[1] This disposition is not designated for publication and may not be cited.

1    Even considering the additional allegations set forth in Nelson's most recent pleading,
2  Nelson fails to allege facts sufficient to state a federal claim against the Housing Authority. The
3  Court's Order of May 2, 2008, dismissing Nelson's original complaint, sets forth the deficiencies
4  of Nelson's claims in detail; Nelson has failed to cure these defects. In short, Nelson has failed
5  to explain how the Housing Authority wronged her. Nelson alludes to 42 U.S.C. § 1983 and
6  "Section 8" (presumably Section 8 of the United States Housing Act of 1937), but fails to allege
7  any facts that would support a claim under these federal statutes. To the extent that Nelson is
8  attempting to assert a claim for negligent inspection, the Housing Authority is immune. *See* Cal.
9  Gov't Code § 818.6 (public entity generally not liable for injury caused by its failure to make
10 inspection, or by reason of an inadequate or negligent inspection, of property); *Stevenson v. San*
11 *Francisco Housing Authority*, 24 Cal. App. 4th 269, 280 (1994) (accepting parties' concession
12 that statutory immunity applied to claim of negligent inspection). To the extent that she is
13 asserting some sort of tort claim against the Housing Authority, she has failed to allege
14 compliance with the claim presentation requirement of the California Tort Claims Act. *See* Cal.
15 Gov't Code § 945.4. (setting forth claim presentation requirement). Based upon the facts
16 currently alleged, it does not appear that Nelson could amend her complaint to state a viable
17 claim against the Housing Authority. Accordingly, the Court will grant the Housing Authority's
18 motion to dismiss.

19   Although it appears that she may be able to allege a claim under California law for
20 wrongful eviction, Nelson likewise has failed to allege a viable federal claim against the
21 individual defendant, Barbara Woodford. If the Housing Authority is dismissed as a defendant, it
22 appears that the Court lacks subject matter jurisdiction over this action.

23   Because it does not appear that Nelson could amend her complaint to state a viable claim
24 against the Housing Authority even if given a further opportunity to do so, the Court will dismiss
25 the action with prejudice as to the Housing Authority. The Court notes that Nelson filed a letter
26 on September 22, 2008, indicating that she would not be able to attend the hearing and seeking a
27 continuance. Because the letter fails to state any facts that would constitute good cause, that
28 motion is denied. However, because Nelson is proceeding pro se, and indicates in her letter that

she could allege additional facts, the Court will make its dismissal of the action conditional: Nelson will be granted thirty days to file an amended complaint that states a viable federal claim against either defendant. If Nelson files a viable pleading, the Court will reopen the case

**ORDER**

(1) Plaintiff's motion for a continuance of the hearing is DENIED;

(2) Defendant Housing Authority's motion to dismiss is GRANTED; on its own motion, the Court will dismiss Plaintiff's claims against Defendant Woodford for lack of subject matter jurisdiction;

(3) If Plaintiff files an amended complaint that states a viable federal claim within thirty days of this order, the Court will reopen the case without the necessity of further motion proceedings.

DATED: 10/10/08

JEREMY FOGEL
United States District Judge

Case No. C 06-6485 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)

Copies of Order served on:

Plaintiff *pro se*:

Clare Nelson
3318 Marion Street
Denver, CO 80205

Defendants:

Jason Michael Heath Jason.Heath@co.santa-cruz.ca.us, csl026@co.santa-cruz.ca.us

Barbara Woodford

5540 Grantway

Felton, CA 95018-9259

4